**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

| | |
|---|---|
| DONALD WACKERLY, II, | |
| Plaintiff-Appellant, | |
| v. | No. 10-6237 |
| | (D.C. No. 5:10-cv-01016-F) |
| JUSTIN JONES, in his capacity as Director of the Oklahoma Department of Corrections; RANDALL G. WORKMAN, in his capacity as Warden of the Oklahoma State Penitentiary; DOES, 1-50, unknown executioners in their capacities as employees and/or agents of the Oklahoma Department of Corrections, | (W.D. Okla.) |
| Defendants-Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Donald Wackerly II, who is scheduled for execution by lethal injection at the Oklahoma State Penitentiary on October 14, 2010, appeals from the district court's denial of his motion for a preliminary injunction seeking to stay his execution. The district court concluded there was no likelihood that Mr. Wackerly would succeed in his underlying challenge to the method of his execution and, accordingly, denied a stay under the legal standard for stays of execution stated in *Hill v. McDonough*, 547 U.S 573, 584 (2006), and *Hamilton v. Jones*, 472 F.3d 814, 815 (10th Cir. 2007) (per curiam). We review the district court's decision for an abuse of discretion. *Hamilton*, 472 F.3d at 815 (following *Bowersox v. Williams*, 517 U.S. 345, 346 (1996)). Finding none, we affirm.

The Supreme Court clarified the analysis of challenges to lethal injection procedures in *Baze v. Rees*, 553 U.S. 35 (2008).[1] The basic standard for an Eighth Amendment violation in this context is the demonstration of "a substantial risk of serious harm," *id.* at 50 (quotation omitted), alternatively described as "an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment," *id.* (quotation omitted). The Court emphasized that the conditions at issue "must be *sure or very likely*" to "give rise to sufficiently *imminent* dangers." *Id.* (quotation

---

[1] We agree with the general view that the controlling principles established in *Baze* are those articulated by the plurality opinion authored by the Chief Justice and joined by Justices Kennedy and Alito. *See, e.g.*, *Jackson v. Danberg*, 594 F.3d 210, 216-23 (3d Cir. 2010), *cert. denied*, 2010 WL 2551997 (U.S. Oct. 12, 2010).

omitted).  And the Court explained that "[s]imply because an execution method may result in pain, either by accident or as an inescapable consequence of death, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and unusual."  *Id.*  Finally, *Baze* placed its substantive standard at the center of the stay analysis:  "*A stay of execution may not be granted* on grounds such as those asserted here *unless* the condemned prisoner establishes that the State's lethal injection protocol creates *a demonstrated risk of severe pain . . . [and] that the risk is substantial* when compared to the known and available alternatives."  *Id.* at 61 (emphasis added).  Mr. Wackerly has not demonstrated such a risk in connection with his impending execution.

We have already upheld the three-drug lethal injection process used in Oklahoma–even before the process was improved by additional safeguards recently included in the governing protocol–in *Hamilton*.  And the Supreme Court's approval of a substantially similar protocol in *Baze* only confirms our decision in *Hamilton*:  "A State with a lethal injection protocol substantially similar to the protocol we uphold today would not create a risk that meets [the *Baze* constitutional] standard."  *Baze*, 553 U.S. at 61.  Mr. Wackerly claims that circumstances pertaining to his upcoming execution create a unique risk that takes it out of the scope of these controlling decisions.  After holding an evidentiary hearing, the district court concluded that he had not substantiated that claim, and we agree with that conclusion.

The thrust of Mr. Wackerly's case boils down to three interrelated points, all centered on the sodium thiopental to be used at his execution.[2] First, the informal way in which Oklahoma acquired the necessary five grams of the drug–from the Arkansas Department of Corrections rather than through ordinary distribution from the manufacturer–rendered its integrity suspect. Second, the lack of an additional supply of the drug to provide a backup should the quantity obtained from Arkansas prove unusable or be lost through procedural mishap, puts the orderly process of the execution at imminent risk. Third, the Oklahoma Director of Corrections claims authority to alter the lethal injection protocol sua sponte, without adequate notice for court review, when exigencies require and, in light of the first two points, this authority presents a risk that Mr. Wackerly will be executed pursuant to a procedure he will have had no opportunity to test in court. We briefly address these three points sequentially, though we note that the deficiency of Mr. Wackerly's case relating to the first two inherently undermine the last.

We agree with the district court that the evidence simply failed to show a significant risk that the sodium thiopental was compromised. No specific facts were adduced to indicate any particular basis for questioning the integrity of the

---

[2] Sodium thiopental is an ultrashort-acting barbiturate used to anesthetize the prisoner before the introduction of vecuronium bromide, a paralytic agent, and potassium chloride, which stops the heart, five minutes later. Oklahoma's current protocol specifies the use of five grams of sodium thiopental.

drug, and the only expert to render a definitive opinion on the matter found no cause for concern.

Nor did Mr. Wackerly demonstrate a substantial risk that the five grams of sodium thiopental would prove insufficient. Undisputed expert testimony established that half that amount was more than sufficient to fully anesthetize the prisoner. Indeed, protocols employing quantities of sodium thiopental in the two to three gram range have been upheld in other cases, including *Baze* itself. *See, e.g.*, *Baze*, 553 U.S. at 45 (3 grams); *Nooner v. Norris*, 594 F.3d 592, 607 (8th Cir. 2010) (3 grams); *Emmett v. Johnson*, 532 F.3d 291, 294 (4th Cir. 2008) (2 grams); *see also Cooey v. Strickland*, 589 F.3d 210, 219 (6th Cir. 2009) (noting use of 2 grams in three-drug protocol until 2009, when State switched to one-drug protocol). Moreover, as the record showed and the district court emphasized, the drug is introduced in multiple injections through two separate IVs. Thus, there is a redundancy built into the system that significantly attenuates Mr. Wackerly's objection about the lack of a backup dose. Again, we agree with the district court that there is no substantial risk posed by the quantity of sodium thiopental available for Mr. Wackerly's execution.

Given the above conclusions, there is no constitutionally significant risk that Oklahoma will need to resort to any alternative procedures. In light of that fact, we need not address the hypothetical scenario in which Oklahoma sua sponte amends its protocol. *Cf. Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010)

(holding that "by speculating about what [prison] officials might do in what the record intimates to be a very unlikely hypothetical scenario in which the backup IV line cannot be established, the Plaintiffs have failed to show the degree of imminence [of risk] *Baze* requires"), *cert. denied*, 2010 WL 2551997 (U.S. Oct. 12, 2010). We would address such concerns in the event that complications should arise.

The order of judgment of the district court denying a stay of execution is AFFIRMED. The motion for a stay of execution on appeal is DENIED as moot. Mr. Wackerly's motion to proceed in forma pauperis is GRANTED. In light of our disposition of the appeal, a response brief from the government is not necessary.

ENTERED FOR THE COURT
PER CURIAM

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | October 12, 2010 | Douglas E. Cressler<br>Chief Deputy Clerk |

Ms. Susan M. Otto
Mr. Thomas David Hird
Office of the Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, OK 73102

**RE:**   **10-6237, Wackerly v. Jones, et al**
    Dist/Ag docket: 5:10-CV-01016-F

Dear Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court


cc:   Stephen J. Krise
    Martha Ruth Kulmacz


EAS/as